BROWN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-403-CR

ROBERT EARL BROWN A/K/A APPELLANT

ROBERT E. BROWN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Earl Brown appeals from his conviction for aggravated robbery with a deadly weapon.  In his sole point, he argues that the trial court erred in admitting Appellant’s confession because it “was not voluntary in that it was coerced based upon a promise.”  The parties are familiar with the facts, and the law is well settled.  We will affirm.

In his sole point, Appellant focuses on his own testimony during trial that he signed the confession marked as State’s Exhibit Four “[b]ecause the detective told me if I did, I could go home.”  At trial, Appellant objected to the testimony of Detective Michael Baggott, who interviewed Appellant and obtained his written confession.  Appellant’s counsel stated, “I object to [the State] talking to [Detective Baggott] about [Appellant’s] right to remain silent.  I think going into what he told him is certainly abridging on his Fifth Amendment right.”  The trial court responded, “Not if it was done properly.” When the State began questioning Detective Baggott as to whether he gave Appellant his 
Miranda
 warnings, counsel again objected and requested “a running objection that [this line of testimony] abridges [Appellant’s] right to remain silent.”  The trial court overruled the objection and stated, “You may have a running objection.”  

The State continued questioning Detective Baggott about his interview of Appellant and laid a predicate for the admission of State’s Exhibit Four. When the State offered State’s Exhibit Four, Appellant’s counsel made the following objection:  “Same objection.”  The trial court overruled the objection and admitted Appellant’s confession.  Because Appellant’s objection at trial does not comport with the argument he raises on appeal, his argument on appeal is waived.  
See
 
Tex. R. App. P.
 33.1(a); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).

Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 5, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.